UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

RIGOBERTO GOMEZ CARDONA,
Petitioner,
v.
CHRISTOPHER J. LAROSE, et al.,
Respondents.

Case No.: 26-CV-6110 JLS (SBC)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Presently before the Court is Rigoberto Gomez Cardona's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 4) and Petitioner's Traverse (ECF No. 5). After considering the Parties' pleadings and the law, the Court **DENIES** the Petition.

Petitioner has resided in the United States since 2013 and alleges that he has been detained since September 10, 2026, when he was arrested on his way to work. Pet. ¶ 14, 17. On Petitioner's request, Respondents scheduled a bond hearing for September 18, 2026, but Petitioner withdrew the request. Ret at 3; Pet ¶ 36. Now Petitioner argues his detention is unlawful. Pet. ¶ 36.

/ / /

The Ninth Circuit held that unadmitted non-citizens present in the interior of the United States are subject to 8 U.S.C. § 1226 and are not subject to 8 U.S.C. § 1225. *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1167 (9th Cir. 2026). "Although DHS makes the initial custody determination, aliens subject to § 1226(a) can seek bond hearings before an immigration judge and further review in the Board of Immigration Appeals (BIA)." *Id.*

On the facts alleged in the Petition, Respondents did not violate Petitioner's constitutional rights. "Section 1226(a) permits (but does not require) the government upon a warrant to arrest and detain 'an alien . . . pending a decision on whether the alien is to be removed from the United States.'" *Rodriguez Vazquez*, 183 F.4th at 1173 (quoting 8 U.S.C. § 1226(a)). And Petitioner admits his circumstances fall within the detention framework addressed in *Rodriguez Vazquez*. Pet. ¶ 35. But he does not seek a bond hearing, as many petitioners have, *see, e.g., Noori v. LaRose*, 807 F. Supp. 3d 1146, 1163–67, 1169 (S.D. Cal. 2025); he seeks immediate release, Pet. ¶ 65. The Court finds that Petitioner failed to allege any deprivation that entitles him to such a remedy. *Cf., e.g., Diaz Escalante v. LaRose*, No. 26-CV-4259 LEK (AHG), 2026 WL 2364792, at *4 (S.D. Cal. Aug. 14, 2026) (granting release when the petitioner was detained without either a warrant or a finding that he was likely to escape).

Based on the foregoing, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) **WITHOUT PREJUDICE**. As this concludes the litigation on this matter, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: November 5, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge